UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUDIESKY MACHADO
GONZALEZ,

       Petitioner,

    v.                            Case No.:  2:26-cv-00806-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTINO CENTER,

       Respondent,

                                      /

## OPINION AND ORDER

Machado Gonzalez is a native of Cuba who was paroled into the United States on April 10, 2004.  Following a conviction for alien smuggling, an immigration judge ordered him removed on March 4, 2008.  Immigration and Customs Enforcement ("ICE") was unable to remove him, so it released him under an order of supervision.  On November 18, 2025, Machado Gonzalez reported to ICE for a routine check-in, and ICE revoked his release and arrested him.

Machado Gonzalez filed a habeas petition to challenge the legality of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Court found no significant likelihood Machado Gonzalez would be removed in the reasonably foreseeable future but gave the government an opportunity to determine whether his detention is necessary to protect the community.

The government followed up with the declaration of ICE deportation officer Arthur Rodgers Jr.  Rodgers stated he reviewed Machado Gonzalez's file and determined he is a danger to the community and will likely be removed in the reasonably foreseeable future.  (Doc. 11-1).  But Rodgers identified no facts to support either conclusion.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 690.  The Court ordered the government to supplement the record with an explanation of Rodger's conclusion that Machado Gonzalez is a danger to the community.  The government then filed a declaration from deportation officer Francisco J. Fondeur, Jr.  It describes ICE's efforts to compel Machado Gonzalez to depart to Mexico, but it contains no reason to believe Machado Gonzalez is a danger to the community.

The Court reaffirms its determination that removal is not likely in the reasonably foreseeable future.  What is more, the government has not established that Machado Gonzalez is a specially dangerous individual who must be detained to protect the community.  He is thus entitled to release from detention under reasonable conditions of supervision.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Machado Gonzalez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Yudiesky Machado Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Machado Gonzalez within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record